**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| Ed Rick Khatibi, | ) |
| | ) |
| Debtor, | ) |
| | ) |
| WALTER W. KELLEY, TRUSTEE, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:14-CV-44(MTT) |
| | ) |
| FIA CARD SERVICES, N.A., as | ) |
| successor in interest to Bank of | ) |
| America, N.A. (USA) and MBNA | ) |
| America Bank, N.A., | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

**<u>ORDER</u>**

Before the Court is an appeal from the United States Bankruptcy Court for the Middle District of Georgia. (Doc. 1). The Bankruptcy Court, Judge James D. Walker Jr. presiding, overruled the Appellant Trustee's objections to proofs of claims filed by the Appellee, FIA Card Services, N.A. The Trustee contends the Bankruptcy Court erred because the claims were not supported by sufficient evidence that the Debtor owed money to FIA. This Court disagrees. For the reasons set forth below, the Bankruptcy Court's decision is **AFFIRMED**.

## I.  STANDARD OF REVIEW

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). In reviewing the decision of a bankruptcy court, a district court functions as an appellate court and "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or

decree or remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.

*See also Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1296 (11th Cir.

2000) (per curiam).

　　This Court must accept the bankruptcy court's findings of fact unless those facts

are clearly erroneous.  *Id.*  The Court may not make independent factual findings of its

own.  *Equitable Life Assurance Soc'y v. Sublett (In re Sublett)*, 895 F.2d 1381, 1384

(11th Cir. 1990).  Conclusions of law, however, including a bankruptcy court's

interpretation and application of the Bankruptcy Code, are reviewed de novo.  *See*

*Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.)*, 904 F.2d 588, 593

(11th Cir. 1990).  This Court, therefore, owes no deference to the Bankruptcy Court's

interpretation of the law or its application of the law to the facts.  *Goerg v. Parungao (In*

*re Goerg)*, 930 F.2d 1563, 1566 (11th Cir. 1991).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

　　The Debtor filed for bankruptcy under Chapter 7 in March 2012.  (Doc. 1-2 at 11).

Among the unsecured creditors listed in his petition, he reported several credit card

accounts, including two Bank of America accounts of $12,343 and $4,309 with account

numbers ending in 3044 and 5263 respectively.  (Doc. 1-2 at 26).

　　On July 23, 2012, FIA Card Services, N.A., describing itself as a successor in

interest to Bank of America, filed proofs of claim for both accounts asserting its

entitlement to collect them.  (Doc. 1-3; Doc. 1-4).  Attached to each claim was a one-

page summary of the accounts that listed the name of the entity from whom FIA

purportedly acquired the accounts (Bank of America), the debtor's name and address,

and the principal balance, interest, and fees owed on each of the accounts.  (Doc. 1-3 at 3; Doc. 1-4 at 3).

As amended in 2012, the Federal Rules of Bankruptcy Procedure state that for claims based on revolving consumer credit agreements, a statement shall be filed with the proof of claim that includes all of the following information:

> (i) the name of the entity from whom the creditor purchased the account;
> (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
> (iii) the date of an account holder's last transaction;
> (iv) the date of the last payment on the account; and
> (v) the date on which the account was charged to profit and loss.

Fed. R. Bankr. P. 3001(c)(3)(A) (Dec. 1, 2012).  The version of Rule 3001 in effect at the time FIA filed its claims was somewhat different:  For claims based on a writing, such as a credit card agreement, it required that the original or duplicate of the writing be filed with the proof of claim.  Fed. R. Bankr. P. 3001(c)(1) (Dec. 1, 2011).  Initially, there was some dispute in this case as to which version of the Rule applied.  The Bankruptcy Court applied the 2012 version when it upheld the claims.  In his briefs, the Trustee agreed the 2012 version should be applied but argued the new Rule required the Bankruptcy Court to disallow the claims even though the Rule had not been amended at the time FIA's claims were filed.  However, during a hearing in this Court, the Trustee clarified that his argument was not dependent upon FIA's "technical" non-compliance with either version of the Rule and suggested the claims did not measure up to the old version either.  The Trustee's bottom line was that FIA did not produce sufficient evidence to show it was owed money regardless of which version of the Rule was used.

Indeed, FIA's proofs of claim did not contain the information outlined in (iii)-(v)[1] of the 2012 version of Rule 3001 nor did it attach the writing required by the previous version of the Rule.  Thus, the Trustee argued the claims were not entitled to prima facie validity because they did not substantially conform with Fed. R. Bankr. P. 3001 and therefore did not provide a sufficient summary of data to allow the Trustee to match the claims to debts listed in the bankruptcy petition.  (Doc. 1-2 at 64-73).  The Trustee further argued the documents did not show the bankruptcy estate owed money to Bank of America or that FIA was entitled to collect the debt.  (Doc. 1-2 at 76).  The Trustee also contended the information FIA provided could easily be obtained from Bankruptcy Court filings alone, and a purported creditor could make a fraudulent claim by merely reciting information in the public record.  (Doc. 1-2 at 74-84).  Therefore, according to the Trustee, the claims should be disallowed.  (Doc. 1-2 at 66-67, 71-72).  FIA did not respond to the objections.

On November 14, 2013, the Bankruptcy Court held a hearing on the Trustee's objections.  (Doc. 1-2 at 100-111).  During the hearing, Judge Walker agreed the claims were technically insufficient under Fed. R. Bankr. P. 3001.  (Doc. 1-2 at 102-103).  However, he found, this technical insufficiency was not dispositive because the criteria for looking at claims is not based on the totality of compliance with the rule.  Rather, as a threshold matter, the party objecting to the claim must have reason to think or suspect a claim is illegitimate.  Once that reasonable basis is established, the burden then shifts to the creditor to come forward with evidence of the validity of its claim.  (Doc. 1-2 at 103).

---

[1] FIA's attachments clearly addressed (i), and the Trustee has assumed for the sake of argument that FIA complied with (ii).  The Court accepts this assumption.  (Doc. 1-2 at 76; Doc. 1-3 at 3; Doc. 1-4 at 4).

Judge Walker determined the Trustee had no reasonable basis to believe FIA's claim was invalid because FIA was known to the Bankruptcy Court and filed claims there "all the time."  Additionally, the claims corresponded with what would be expected of an assignee in FIA's position, and there was no suggestion by the apparent assignor, Bank of America, that FIA had filed a false claim.  (Doc. 1-2 at 103-04).  Failure to "dot the I's and cross the T's" in accordance with the rules was not a reason to question the claims on their face.  (Doc. 1-2 at 104).

Further, Judge Walker ruled, the elements of Fed. R. Bankr. P. 3001(c)(3)(A) are not prerequisites to making a valid claim but rather are essential elements a creditor can provide to establish its "bona fides" to a skeptical objecting party.  (Doc.1-2 at 104-05).  That is, they are elements that might be put forward if other evidence, such as another creditor making the same claim for the same debt, called the authenticity of the claim into doubt.  (Doc. 1-2 at 105).  But failure to comply with the Bankruptcy Rules is not in itself a reasonable basis to question the claim, and a reasonable basis is "the first and foremost necessity for the presentation of a claim objection."  (Doc. 1-2 at 106).  The objecting party must be able to tell the bankruptcy court why it has reason to think a claim invalid – and failure to comply with Rule 3001 was a marginal reason at best. (Doc. 1-2 at 107).

As to guarding against fraudulent claims by claimants picking relevant public information out of the docket, Judge Walker suggested this would require a case-by-case analysis on the part of the trustee.  In this case, however, he concluded there was no reason for concern because FIA is an entity known to the Trustee and to the Bankruptcy Court.  (Doc. 1-2 at 107).  But even if a claimant were not listed by the

debtor and were a creditor unknown to the objecting party, Judge Walker held that more would be required than noncompliance with the Rule to sustain the objection and shift the burden to the creditor to produce additional information.  (Doc. 1-2 at 108).

For these reasons, the Bankruptcy Court in December 2013 entered orders overruling the Trustee's objections.  (Doc. 1-2 at 85-86).  The Trustee appeals from those orders.

### III. DISCUSSION

#### A.  The Claims Process

The Bankruptcy Rules and 11 U.S.C. §§ 501 and 502 govern the claims process in bankruptcy proceedings.  A creditor that has a claim against a debtor may file a proof of its claim.  11 U.S.C. § 501(a).  This proof of claim is a written statement setting forth the amount owed and, when filed in accordance with the Bankruptcy Rules, is "prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(a), 3001(f).  Under § 502(a), a claim is "deemed allowed" so long as a party in interest does not object.

However, a party may rebut the prima facie evidence of a claim by objecting and questioning the amount or validity of the claim.  *See* Fed. R. Bankr. P. 3007; *In re Bateman*, 331 F.3d 821, 827 (11th Cir. 2003).  If a party objects, "the court, after notice and a hearing, shall determine the amount of such claim."  11 U.S.C. § 502(b).  *See also Bateman*, 331 F.3d at 827.  The court "shall allow" the claim except to the extent the claim falls within one of the exceptions set forth in subsections (b)(1) to (b)(9) of § 502.  11 U.S.C. § 502(b).  The burden is on the objecting party to produce evidence to refute at least one of the allegations that is essential to the claim's legal sufficiency.

*Baggett Bros. Farm, Inc., v. Altha Farmer's Co-op, Inc.*, 2008 WL 3979493, at *2 (N.D. Fla.) (quoting *In re Armstrong*, 320 B.R. 97, 104 (Bankr. N.D. Tex. 2005)).  If the objecting party meets his evidentiary burden, the burden shifts to the creditor, who retains the ultimate burden of persuasion as to the validity and amount of the claim.  *In re Oliver*, 306 F. App'x 458, 460 (11th Cir. 2008).  *See also In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004); *In re Harrison,* 987 F.2d 677, 680 (10th Cir. 1993).

The Trustee argues that FIA's claims should be disallowed because they do not contain all of the information outlined in Fed. R. Bankr. P. 3001(c)(3)(A).  (Doc. 3 at 8). Without that information, the Trustee contends there is insufficient evidence of the claims' validity and "he has some doubts the bankruptcy estate owes any money to FIA." (Doc. 6 at 2-3).  Noncompliance with Rule 3001 is not one of the listed exceptions under which a claim may be disallowed under § 502(b).  Consequently, courts are split as to whether noncompliance with a Rule such as 3001(c) may serve as grounds for disallowing a claim.

A majority of courts adhere to the "exclusive view" – that § 502(b) provides the exclusive grounds for disallowance of claims, and failure to file documentation is not among them.  *In re Brunson*, 486 B.R. 759, 769 (Bankr. N.D. Tex. 2013); *In re Pursley*, 451 B.R. 213, 226 (Bankr. M.D. Ga. 2011).  If the debtor does not assert a substantive basis for disallowance expressly stated in § 502 and come forward with evidence of that basis, "then an objection to a claim based solely on the claimant's failure to attach the documents required by Bankruptcy Rule 3001 must be overruled." *Brunson*, 486 B.R. at 769.  Courts have offered various explanations for this viewpoint:

First, some courts reason that the outcome is dictated by the plain language of 11 U.S.C. § 502(b), which does not include the failure to comply with the rules of court as a ground for disallowance….

Second, some courts express concern that the contrary rule would undermine the integrity of the bankruptcy system, permitting debtors, in particular, to invoke technical grounds to defeat claims that they would otherwise have to concede are valid....

A third rationale for the majority position may be derived from the historic principle in proof of claim jurisprudence that a proof of claim should be treated as if it were a verified complaint or a deposition….When a proof of claim is conceptualized as evidence (rather than a pleading), it becomes apparent that the proof of claim may include sufficient detail regarding the claim for a court to accord it *prima facie* status and require the objector to come forward with some evidence to contest the claim, even though the proof of claim does not comply with all of the requirements of Rule 3001.

Fourth, the majority view finds support in the overall purpose and functioning of the claims resolution process. The process is designed to achieve the fair and inexpensive resolution of claims objections through a summary procedure that mirrors, but does not slavishly conform to, the formalities of conventional civil litigation….

*Pursley*, 451 B.R. at 226-27 (quoting *In re O'Brien*, 440 B.R. 654, 664-65 (Bankr. E.D. Pa. 2010)) (internal citations omitted) (quotation marks omitted).

On the other hand, "the minority view is that noncompliance with the rules regarding proof of claim can lead to disallowance: insufficiency of a proof of claim is a valid ground for objecting; if the claimant does not remedy the deficiency via amendments or at the hearing on the objection, then the claim must be disallowed." *Pursley*, 451 B.R. at 226.  The Tenth Circuit, apparently the only Circuit Court to address this issue, looked to the Bankruptcy Rules to inform the statutory meaning of what constituted a valid proof of claim:

> The plain language of the Bankruptcy Code and its associated procedural rules support the [the bankruptcy court's ruling that because the creditor bore the burden of proof for its claim and failed to meet its burden, its claim was disallowed].  The Bankruptcy Code provides that "[a] creditor ... may file a proof of claim."  11 U.S.C. § 501(a).  Because the code does not define "proof of claim," we look to the Federal Rules of Bankruptcy Procedure.  "A proof of claim is a written statement setting forth a creditor's claim" [Fed. R. Bankr. P. 3001(a)]….When a proof of claim is executed and filed in accordance with the provisions of Rule 3001 …it "constitutes prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

*In re Kirkland*, 572 F.3d 838, 840 (10th Cir. 2009) (citations omitted).  *Kirkland* then held that the creditor's failure to present evidence in support of its claim in accordance with the Rules subjected the claim to disallowance:

> [The creditor] has failed to produce a single document to support its proof of claim.  [The creditor] has also failed to explain its failure to provide supporting documentation.  Although the bankruptcy court took judicial notice of the Debtor's appended schedules of unsecured creditors, it correctly determined that the schedules were of no evidentiary value against the Trustee.  Therefore, [the creditor] has failed to present "prima facie evidence of the validity and amount of the claim."…Had the bankruptcy court allowed [the creditor's] claim despite [the creditor's] failure to provide either supporting evidence or an explanation for its failure to provide supporting evidence, the burden would have improperly rested with the Trustee to disprove an unsubstantiated claim.

572 F.3d at 840-41 (citations omitted).

A 2011 amendment to the Bankruptcy Rules sheds some light on the issue.  The amendment sets forth sanctions the court may impose on a creditor in an individual debtor case that fails to provide information required by Rule 3001(c).  Now, under Fed. R. Bankr. P. 3001(c)(2)(D), if the requisite information is not submitted the court may "(i) preclude the [creditor] from presenting the omitted information…as evidence in any contested matter or adversary proceeding in the case…or (ii) award other appropriate

relief, including reasonable expenses and attorney's fees caused by the failure."  The comments to this rule, citing 11 U.S.C. § 502(b), note that failure to provide the information "does not itself constitute a ground for disallowance of a claim."  Fed. R. Bankr. P. 3001, Comment to 2011 Amendments.  Rather, when an objection to the allowance of a claim is made, the court may apply the sanctions outlined in the Rule, allow an amendment to a proof of claim, or "impose a sanction different from or in addition to the preclusion of the introduction of evidence."  *Id.*

Thus, this amendment means that "a creditor who fails to fully comply with the documentation requirements of Rule 3001(c) primarily faces the *evidentiary* sanction of being precluded from introducing its documents at a subsequent hearing on a substantive objection to its proof of claim under § 502(b)."  *In re Reynolds*, 470 B.R. 138, 145 (Bankr. D. Colo. 2012).  But the Rule does not provide authority to deny a creditor's claim based solely on the creditor's failure to attach to its proof of claim documentation that is fully compliant with Rule 3001(c).  *Id.*

## B. The Bankruptcy Court's Findings

At oral argument, the Trustee clarified that the fact of FIA's "technical" noncompliance with the Rules is not the basis for his objection.  Rather, it is the general lack of evidence that resulted from this noncompliance.  The Trustee believes that by not producing the information outlined in the Rules, FIA did not file presumptively valid claims showing it was entitled to collect the debts.  Then, in the face of the Trustee's objection, FIA offered no further evidence of its claims' validity.

An essential question then is whether the Bankruptcy Court made a factual finding that FIA's claims were entitled to prima facie validity based on the information in

its proofs of claims.  Clearly it did, even though Judge Walker did not expressly use the phrase "prima facie validity" when announcing his opinion from the bench.  But the posture from which he viewed the claims and objections reveals his implicit assumption that the claims were prima facially valid.  Specifically, he made clear the burden was on the Trustee to produce evidence the claims were questionable because the Bankruptcy Court found them valid on their face:

> [A]n entity who objects to a claim must have some reasonable reason to question the validity of the claim….And once that reasonable basis has been demonstrated, the burden shifts to the creditor to come forward with evidence to resolve the dispute or the question of the validity of the claim. In this claim objection…there simply is no reasonable basis to question the legitimacy of this claim.
> …
> I don't see any reason to question this claim on its face unless you think the failure to dot the I's and cross the T's is a reason to believe the claim is not a valid claim….I don't think…the failure to dot the I's and cross the T's should be a basis for disallowing the claim that is otherwise not suspicious or subject to doubt as to its validity.
> …
> The essential question is…tell me why you have reason to think this is not a valid claim[?]  That's the question the [T]rustee has to answer in filing a claim objection, and if the answer to that question is they didn't fully comply with Rule 3001…that objection becomes marginal [and] it's problematic until a particular – the particular circumstances of a case like that can actually be considered.
> …
> [I]t's a fact intensive investigation and consideration.  And in this particular case I don't see the burden shifting to the creditor because of the – who this creditor is and what this creditor has done in terms of identifying itself as a participant in this case.

(Doc. 1-2 at 103:8-19, 104:8-15, 107:14-22, 108:20-25).  Thus, at the hearing, Judge Walker's statements indicate he was treating the claims as valid on their face and was looking to the Trustee to provide additional information to support his assertion that they

should be treated otherwise.  That is, because the Bankruptcy Court was treating the claims as having prima facie validity, the burden was on the Trustee to produce evidence to refute at least one of FIA's allegations that was essential to its claims' legal sufficiency.

Further, the Bankruptcy Court offered legitimate reasons for accepting the claims' validity: the Bankruptcy Court is well familiar with FIA as a creditor because FIA constantly files claims in the Bankruptcy Court; FIA indicated it was the assignee of Bank of America, and the claims it filed corresponded exactly with what an assignee would file in this case; and there was no claim filed by Bank of America, the assignor and listed creditor on the Debtor's schedule, that would suggest FIA was filing false claims without Bank of America's knowledge.  (Doc. 1-2 at 103-04).  The totality of these facts was enough for the Bankruptcy Court to treat these claims as prima facially valid, notwithstanding their technical noncompliance with the requirements of Rule 3001.  This is particularly true given that the overriding purpose of the Rules is to facilitate the efficient, economical resolution of claims allowance disputes without the formalities of a full-blown adversary proceeding.  *In re Sacko*, 394 B.R. 90, 99 (Bankr. E.D. Pa. 2008) (quoting *In re Shank*, 315 B.R. 799, 814 (Bankr. N.D. Ga. 2004)) ("The fundamental purpose of the claims allowance process and the various rules for filing of proofs of claim and allocating burdens of proof is to provide a fair and inexpensive procedure for the proper determination of claims on the merits.").  This Court will not disturb the Bankruptcy Court's factual finding that the claims possessed prima facie validity, as this finding was not clearly erroneous.  Because FIA's claims are accorded

prima facie validity, and because the Trustee did not come forward with evidence to undermine this validity, his objections were properly overruled.

In any event, even if the lack of Rule 3001 documentation was enough to deprive the claims of prima facie validity, or even if the Bankruptcy Court did not find them to be prima facie valid, this is not in itself grounds for disallowance under the "exclusive view," which is the correct view. The exclusive view is correct not just because it is the majority opinion of courts across the country. Perhaps more convincingly, it is correct because the Rules were amended in 2011 to state consequences that result when a claim is missing documentation otherwise required for prima facie validity, and none of those consequences involve disallowing the claim. Indeed, as comments to Rule 3001 make clear, failure to provide the information "does not itself constitute a ground for disallowance of a claim." Fed. R. Bankr. P. 3001, Comment to 2011 Amendments. Rather, as the court observed in *Reynolds*, the penalty for noncompliance is evidentiary sanctions in a subsequent hearing. 470 B.R. at 145.

In this case, FIA did not participate in the subsequent hearing. Even so, the Bankruptcy Court independently reviewed the proofs of claims FIA filed and, at the hearing, determined there was sufficient evidence to allow them. The Trustee had no basis to rebut this. "[E]ven without prima facie validity, the objecting party must have some other legally sufficient grounds for challenging the claim besides just failing to file the documentation." *In re Hilton*, 2013 WL 6229100, at *5 (Bankr. W.D. Va.) (citing *In re Falwell*, 434 B.R. 779, 786 (Bankr. W.D. Va. 2009)). *See also In re Canlas*, 2008 WL 4736350, at *1 (Bankr. E.D. Va.) ("The objection based on the lack of documentation is not a sufficient basis to disallow the proof of claim. While the proof of claim form

requires documentation, the failure to provide documentation does not mean that the debtors do not owe the money to the creditors.").  The Trustee must demonstrate the claim should not be allowed based on grounds listed in 11 U.S.C. § 502(b).  *See In re Laskey*, 364 B.R. 385, 387-88 (Bankr. C.D. Cal. 2007).  But the Trustee made no such demonstration, and the Bankruptcy Court did not err when it found sufficient evidence in FIA's filings to support its claims to the Debtor's estate.  Consequently, there are no grounds for this Court to reverse the Bankruptcy Court's decision.

## IV. CONCLUSION

This Court does not view any of the facts found by the Bankruptcy Court as clearly erroneous and therefore does not disturb its findings of fact.  Furthermore, this Court, having reviewed the applicable law and the arguments of the Parties, agrees with the lower court's conclusions of law and the application thereof.  The decision of the Bankruptcy Court is **AFFIRMED**.

**SO ORDERED,** this 12th day of June, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT